## 9026

### ASHE v. SOUTHERN RAILWAY CO.

#### (84 S. E. 716.)

CARRIER AND PASENGER. WILFUL TORT. DEFENSE. ANSWER. PLEADINGS.

1. DEFENSE IN ACTION FOR WILFUL TORT.—In an action for damages alleged to have arisen from the wilful tort of another, the latter may plead in defense any facts rebutting the allegations or inference of wilfulness or which would, if established, mitigate the damages claimed in the complaint.

2. PLEADING — PLEADING MATTERS OF EVIDENCE — LEGAL CONCLUSION THEREFROM.—In an action for a carrier's alleged wilful wrong in ejecting plaintiff, an answer, alleging that plaintiff boarded the wrong train and facts showing the reason why its agent could not supply tickets, was not objectionable as pleading matters. of evidence without any legal conclusion therefrom.

Before HON. C. M. EFIRD, special Judge, Lancaster, November, 1914. Affirmed.

From an order overruling a demurrer to answer in action brought by W. N. Ashe against Southern Railway Company, the plaintiff appeals. The pleadings and exceptions were as follows:

The complaint of the plaintiff herein would respectfully show to the Court:

1. That the defendant, Southern Railway Company, now is, and was, at the times hereinafter stated, a corporation created and existing under the laws of the State of Virginia, and as such is a common carrier of freight and passengers in said State and county, having a railroad system in said county and throughout South Carolina.

2. That on or about February 4th, 1913, the defendant ran a passenger train from Rock Hill, S. C., to Columbia, S. C., said train being the regular passenger train of the defendant, but on said date said train had a reduced passenger rate, or excursion rate for a round trip ticket between said points, also all other points on said road to Columbia, S. C., and return.

3. That said reduced rates or round trip tickets was advertised by posters, circulars, in the newspapers, and in other ways and methods usually employed by the defendant to advertise its special trains, and excursion rates and trains.

4. That the plaintiff about an hour previous to the arrival of said train, according to its schedule time, went to the station at Rock Hill, S. C., a regular passenger station of the defendant and there made due and proper effort to secure a round trip ticket or proper ticket to Columbia, S. C., and return to Rock Hill, S. C., but there was no ticket agent, or other official of the defendant, at said station from whom this plaintiff could secure a proper ticket, or any ticket at all.

5. That upon the arrival of the said train the plaintiff stated to the conductor thereof his inability to secure a ticket, and the said conductor immediately ordered said train to start, whereupon the plaintiff boarded the said train and then tendered to the defendant, its agents and servants, the proper and correct fare for a round trip or excursion ticket from Rock Hill, S. C., to Columbia, S. C., and return as advertised by said defendant.

6. That defendant refused to accept the money or fare thus tendered by the plaintiff, and after leaving the station of Chester, S. C., the agents of the defendant ejected and expelled the plaintiff from said train.

7. That plaintiff was ejected from said train in the presence of the passengers and others and in consequence was humiliated, delayed in his travel, insulted by the conductor or other agents, abused and otherwise damaged three thousand ($3,000) dollars.

8. That the defendant, its agents and servants, acted wilfully, wantonly, recklessly and negligently in ejecting and expelling the plaintiff from said train.

Wherefore, the plaintiff demands judgment for three thousand ($3,000) dollars.

The defendant above named, by way of amendment to its former answer herein, further answering the complaint herein, alleges:

1. That at or about the time stated in the complaint the defendant had on sale at its station at Rock Hill, S. C., special excursion tickets, which were sold at a greatly reduced rate of fare on account of the National Corn Exposition then being held in the city of Columbia, S. C., which said excursion tickets were coupon tickets, one of which was for the going trip, and the other for the return trip, and in connection with the sale of said tickets, the defendant then sold an admission coupon to said National Corn Exposition, which was of the value of fifty cents, being the amount required to be paid for admission there into.

2. That at the same time, the defendant was operating in the morning two trains passing through the said town of Rock Hill, S. C., to the said city of Columbia, S. C., one of said trains being No. 31, which was due to arrive at the said station of Rock Hill at a very early hour in the morning, and which said train was a through passenger train from the city of Washington, D. C., to the city of Jacksonville, Fla.; that the other train mentioned was a local train running from the city of Charlotte, N. C., to the city of Columbia, S. C., which was run specially for the purpose of handling and caring for the local travel between said city of Charlotte, N. C., and the city of Columbia, S. C.

3. That on the morning of the 4th of February, 1913, an unusual and unprecedented number of passengers presented themselves at defendant's station at Rock Hill, S. C., who desired to purchase said coupon excursion tickets for the purpose of attending the National Corn Exposition at Columbia, S. C.; that it required a longer time to prepare and sell such coupon excursion tickets with the admission coupon, than it did to sell straight, full fare tickets, and owing to the very large number of persons desiring to purchase said coupon excursion tickets, the defendant's agent

was not able to prepare and sell such excursion coupon tickets to all the passengers who applied for the same before the arrival of train No. 31, being the through train above mentioned; and the failure of plaintiff to procure an excursion ticket and admission ticket was due entirely and solely to the causes above mentioned, and not to any negligence, wilfulness, wantonness or recklessness upon the part of this defendant, or any of its agents and servants.

4. That as this defendant is informed and believes, the plaintiff, instead of waiting for the local train, went on board defendant's said through train No. 31 without having purchased either an excursion coupon ticket, or a full fare ticket, entitling him to ride thereon, and upon request being made for transportation between Rock Hill, S. C., and Columbia, S. C., the plaintiff tendered the defendant's agent or ticket collector on said train, and offered to pay to him for transportation only the price of one of said excursion tickets, and thereupon it was explained that defendant's agent or ticket auditor had no power or authority to accept for such transportation of plaintiff the amount so tendered, and requested plaintiff to pay the full fare, and assured him that the difference would be refunded to him upon application; but the plaintiff declined and refused to pay the full and legal rate of fare for transportation as a passenger from Rock Hill, S. C., to Columbia, S. C., and thereby, as the defendant is informed and believes, became a trespasser upon defendant's said train.

5. That upon the plaintiff's continued refusal to pay the usual full, legal rate of fare for transportation from Rock Hill, S. C., to Columbia, S. C., and after having failed to present any kind of ticket entitling him to transportation upon said train, the defendant's agent and conductor ejected the plaintiff from said train a short distance South of Chester, S. C., as it was his duty to do in the circumstances, and because the plaintiff refused to leave the said train at the station of Chester, and because

of the further fact that plaintiff was a trespasser thereon; and in ejecting the plaintiff, the defendant's servants and agents did not use any harsh, rude or improper means to eject the plaintiff, but did so in a courteous manner, and solely for the reason that he declined to pay the usual, legal fare demanded, and because of the fact that the plaintiff was a' trespasser upon said train, and defendant denies that in so ejecting the plaintiff it was guilty of maliciousness, wantonness or recklessness, or other improper treatment of the plaintiff.

Wherefore, the defendant prays that the complaint herein be dismissed, with costs.

The plaintiff herein demurs to the second defense of the defendant, alleged in the amended answer hereof, upon the following grounds:

1. That the said defense does not allege that an ample opportunity, or any opportunity, was given the plaintiff to purchase a ticket, excursion or other ticket.

2. That the defense fails to allege that the plaintiff was negligent, or at fault, in that the plaintiff did not purchase a ticket.

3. That the defense fails to allege that the plaintiff did not have a legal right to board said train, and be given transportation to Columbia, S. C.

4. That the defense fails to allege a valid reason for ejecting the plaintiff, or to allege a valid refusal to transport the plaintiff to Columbia, S. C.

5. That the defense fails to allege a valid refusal of the tender of said excursion ticket fare by the plaintiff.

Exceptions and grounds of appeal:

1. That the Court erred in refusing to sustain the demurrer, in that the second defense failed to state a defense.

2. That the Court erred in failing to sustain the demurrer, in that the defense did not allege that an ample opportunity, or any opportunity, was given the plaintiff to purchase a ticket, excursion, or other ticket, and in the absence of such an allegation, the answer failed to allege a defense.

3. That the Court erred in failing to sustain the demurrer, in that the defense failed to allege that the plaintiff was negligent, or at fault, in the failure to purchase or provide himself with a proper ticket.

4. That the Court erred in overruling the demurrer, in that the answer failed to allege that the plaintiff did not have a legal right to board said train and be given transportation to Columbia, S. C.

5. That the Court erred in overruling the demurrer, in that the defense failed to allege a valid reason for ejecting the plaintiff, or to allege a valid refusal to transport the plaintiff on said cars.

6. That the Court erred in overruling the demurrer, in that the defense did not allege a valid excuse for refusing the tender of fare made by the plaintiff and set forth in said defense.

7. That the Court erred in overruling said demurrer, as it affirmatively appeared from the defense set forth in the defense, that the defendant was at fault in failing to provide a reasonable opportunity whereby plaintiff could have procured a ticket, and in consequence of such failure, the plaintiff could not be ejected, since it is alleged the plaintiff tendered a proper ticket fare.

*Messrs. Dunlap, Dunlap & Hollis* and *J. Harry Foster,* for appellant, submit: *Duty of carrier to furnish opportunity to passenger to purchase ticket:* 92 Am. Dec. 103; *Ib.* 133; 68 *Ib.* 562; 16 L. R. A. 53; 42 Am. Rep. 106; 8 Am. St. Rep. 292; 55 L. R. A. 536; 51 S. E. 127; 6 Cyc. 549; 5 Enc. of L. (2d ed.) 595; Fetter Carriers, sec. 269; Elliott

Railroads, 1601, 1603; Moore Carriers 734; 50 Am. St. Rep. 259; Hutch. Carriers, sec. 1033; 88 S. C. 426.

*Messrs. McDonald & McDonald,* for respondent; submit: *As to sale of special and reduced rate tickets:* 46 L. R. A. 502; 16 Am. & Eng. R. R. Cases 89; 13 Ill. App. 28; 28 N. E. 170; 88 S. C. 421; 94 S. C. 95; 97 S. C. 153; 94 S. C. 282. *Upon refusal to pay the usual legal rate of fare the plaintiff became a trespasser ab initio on defendant's train:* 38 S. C. 1; 1 Fetter Carriers, sec. 312, 780; Moore on Carriers 553, 731. *To have accepted the excursion rate under the circumstances would have been a discrimination:* Civil Code, secs. 3166-3167, 3260; Crim. Code 668.

March 13, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal is from an order of the Circuit Court overruling a demurrer by the plaintiff to the second defense of the answer.

It is a matter of sore regret that so much consideration seemingly must be given to procedure, the mere reconnoitering for a real contest, but no contest, about the real difference of the parties.

Let the pleadings and exceptions be reported. The demurrer was overruled by a *pro forma* order.

There are five stated grounds of demurrer; and there are seven stated exceptions to the order.

These specific alleged reasons for the demurrer and for the exceptions will not be considered in detail and *eo nomine;* but only the essential issue necessary to be decided now. A majority of both the grounds and the exceptions charge a failure of the answer to allege conclusions of law, rather than to allege those facts from which such conclusions are inferable.

13—100

The complaint states a bald case of wilful wrong. Its allegations refer exclusively to a train designated in the answer as No. 31. It gives no account of a following local train which is referred to by the answer. It makes out that No. 31 was "the regular passenger train;" that No. 31 was "its special train," advertised by posters to run at reduced rates on a round trip, but on an occasion not named by the complaint; that no agent was at the Rock Hill office to sell the special tickets for the train No. 31, so posted to run, or any ticket at all; that plaintiff boarded No. 31 and tendered the conductor the advertised fare for such a round trip and reduced fare ticket, and that the conductor refused the money, insulted and abused the plaintiff and put him off the train at Chester, to which point he had impliedly ridden from Rock Hill. Upon such a case, if proven, the plaintiff asks $3,000.00 for damages.

The answer in brief, and by necessary inference, alleges: That the occasion for the reduced rates was a "National Corn Exposition" at Columbia, the fee to enter which was 50 cents, collected by the carrier for the exposition, as a part of the price of the round trip ticket; that the defendant operated two trains past Rock Hill; that the first, called No. 31, was a through train running from Washington to Jacksonville, and that the following train was the local from Charlotte to Columbia; that on the day named an unusual and unprecedented number of passengers applied for these exposition tickets at Rock Hill, and defendant was not able to make out tickets for all the applicants in the time at its disposal, and that was the only reason why a ticket was not issued to the plaintiff; that plaintiff did not wait for the following local train, but got aboard No. 31, had no ticket of any sort, and tendered money for the price of one of the alleged return and reduced fare tickets; that defendant's servants on the train had no authority to issue any such ticket, and demanded the regular fare; that plaintiff refused to pay the regular fare and that defendant

gently ejected plaintiff from the train at or near to Chester.

The action is for wilful misconduct of the defendant company.

The defendant is plainly entitled to show the *reason* why the plaintiff could not get a ticket at Rock Hill, and that such failure was not due to the perversity of the defendant; but was due to all the circumstances of the transaction recited in the answer. And the defendant company is, for the same reason, entitled to show why the passenger was ejected.

The legal effect of the things alleged by complaint and answer need not now be adjudged with all the particularity suggested by the demurrer.

The evidence may modify the pleadings and present issues somewhat altered from those made by the pleadings. A judgment on the issues made by the pleadings might embarrass the Court which shall adjudge the issues to be made by the testimony.

It will be time enough to declare the mutual rights of the litigants when the cause comes to trial on Circuit.

It is sufficient now to say that the answer alleges new matter which may at least mitigate the damages claimed, and which may explain to the jury the allegation of wilful conduct made against the defendant.

The judgment of the Circuit Court is affirmed.